IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMAT MATERIALS, INC., | No. C 13-00567 WHA |
| Plaintiff, | |
| v. | |
| A&C CATALYSTS, INC., | **ORDER AWARDING ATTORNEY'S FEES** |
| Defendant, | |
| v. | |
| PROTAMEEN CHEMICALS, INC., | |
| Third-Party Defendant. | |

In this breach-of-contract action, defendant seeks $10,700.00 in attorney's fees based on plaintiff's attorney's-eyes-only designations during discovery. This order follows letter briefing, oral argument, and post-hearing filings. For the reasons stated, defendant is hereby awarded **$9,075.00**.

* * *

In November 2013, the parties entered into a stipulated protective order. The protective order, as is consistent with practice in this district, called for "restraint and care in designating material for protection." The protective order stated:

> "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
> Information or Items: *extremely sensitive* "Confidential Information or Items," *disclosure of which to another Party* or Non-Party *would create a substantial risk of serious harm that could not be avoided by less restrictive means*.

> Each Party or Non-Party that designates information or items for protection under this Order *must take care to limit any such designation to specific material that qualifies under the appropriate standards*. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.
>
> *Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.*
>
> \* \* \*
>
> If only a portion or portions of the material on a page qualifies for protection, the *Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.*
>
> \* \* \*
>
> The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

(Dkt. No. 42 at 3, 4, 5, 8) (emphasis added). In other words, the designating party (here, plaintiff) is exposed to sanctions if its designations are shown to be clearly unjustified or have been made for an improper purpose. Both were true in plaintiff Raymat Materials, Inc.'s case.

From December 2013 to February 2014, defendant A&C Catalysts, Inc. faced a frustrating campaign of back-and-forth email exchanges, letter writing, motion drafting, and three meet and confers to convince Raymat to de-designate documents which Raymat mass-designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Raymat had stamped a number of discovery documents attorney's-eyes-only in an effort to hamper A&C Catalysts' case investigation. By abusing the attorney's-eyes-only designation, Raymat prevented one of A&C Catalysts' officers from viewing documents and preparing its defense case. Raymat installed a stone-wall between defense counsel and his client.

After mass-designating entire pages attorney's eyes only, Raymat finally, on January 20 (more than a month later), provided portion-by-portion designations for the first time (Dkt. No.

46). This order pauses to note that fact discovery closes on March 28 (Dkt. No. 16). But even the portion-by-portion designations made by Raymat showed an utter disregard for the protective order and the rules. Shown below in bold is a portion of an email Raymat designated attorney's eyes only:

> Subject: Protameen
> From: Jibing Lin (jlin@raymat.com)
> To: marshall7001@yahoo.com;
> Date: Wednesday, April 28, 2010 7:38 PM
>
> **They are even international, here is their website**;
>
> **Two out of the three new materials are what Abe is offering;**
> **Also a distributor for Lubrizol since 1987 (where John is**
> **from**);
>
> http://www.protameen.com

(Li Exh. E at RMT_00648). "Abe" is an officer of A&C Catalysts. Protameen Chemicals, Inc. is a third-party defendant. This is an example of the types of information Raymat never should have designated attorney's eyes only.

On February 11, after the dispute had dragged on for two months, Raymat filed a letter "request[ing] the retention of confidentiality designations of production documents." On February 14, A&C Catalysts filed a response, "request[ing] the opportunity to present a fee petition that will show in monetary terms the resources that Raymat's counsel has wasted over its many months of egregious behavior in this area" (Dkt. No. 47).

On February 18, the undersigned judge heard argument — page-by-page — on the disputed designations and concluded that there was simply no substantial justification for Raymat's mass-designations and revised "portion-by-portion" designations. With few exceptions, Raymat's designations of stale information, perfunctory business emails, and documents potentially relevant to the claims raised in Raymat's complaint, were unwarranted. Indeed, to accommodate Raymat's concern that the parties could be perceived as competitors, A&C Catalysts even agreed that it's officer would only use the documents to evaluate the merits of the action and would not use the information in its ongoing business. A&C Catalysts then renewed its request for fees.

3

On February 21, A&C Catalysts filed two declarations supporting a request for $10,700 for fees for "work on the AEO confidentiality designation issue," "limited to time spent addressing Raymat's wrongful AEO confidentiality designations" (Willey Decl. ¶ 5, Dersham Decl. ¶ 4). Although the request was originally granted, a subsequent order vacated the award to provide Raymat an opportunity to provide supplemental briefing (Dkt. Nos. 51, 53).

On March 3, Raymat filed a letter stating any award should be $1,287.5, or at most, $3,300 (Dkt. No. 54). This order addresses each of Raymat's concerns.

*First*, Raymat argues that FRCP 37(a) limits monetary awards to reasonable expenses incurred in making or opposing a motion to compel. In Raymat's view, the meet-and-confers caused by Raymat's over-designations are not recoverable because both parties were acting in "good faith" toward resolution of their disputes. In other words, all tasks prior to February 11, when Raymat filed its discovery letter, should be deducted. This order disagrees. Meet and confers are, of course, required and encouraged. A&C Catalysts, however, incurred additional expenses from discovery letter writing and participating in three meet and confers because of Raymat's over-designations. The parties' dispute did not have to drag on for two months. Raymat caused this train of events and thus Raymat is liable for A&C Catalysts' expenses incurred because of the over-designations.

On the other hand, this order reduces A&C Catalysts' entry from December 17 for $775.00 because it does not appear that the 3.10 hours spent "reviewing Raymat's discovery responses and confidentiality designations; drafting discovery deficiency letter" were primarily related to Raymat's over-designations. A&C Catalysts' letter, dated December 18, raised objections to Raymat's first set of interrogatories, first set of requests for production, and first set of requests for admission (Dkt. No. 47, Exh. D).

*Second*, Raymat argues that even if the meet and confers are recoverable, the award should be limited to meet and confers directly related to Raymat's discovery letter, dated February 11, requesting retention of its "portion-by-portion" attorney's-eyes-only designations. In Raymat's view, any tasks prior to January 20 (when Raymat revised its "page-by-page" designations to "portion-by-portion" designations) are not recoverable. Again, this order

4

disagrees. Raymat never should have designated many of its pages entirely attorney's eyes only. A&C Catalysts' efforts to have Raymat pare down its blanket designations were incurred because of Raymat's actions.

*Third*, Raymat argues that it is unreasonable to bill for two partners (each billing at $250 per hour) appearing at the February 18 discovery hearing. Raymat also argues that A&C Catalysts' response to its discovery letter to the Court included "erroneous arguments" and thus those fees should be halved. This order declines to reduce A&C Catalysts' request based on "erroneous arguments," but finds it duplicative to recover $850.00 (3.4 hours) and $725.00 (2.90 hours) for Daniel E. Dersham and Carlton J. Willey (respectively) to appear at the hearing. The request is reduced by $850.00 because Mr. Willey argued at the hearing.

For the reasons stated, Raymat Materials, Inc. shall remit **$9,075.00** to A&C Catalyst, Inc. for attorney's fees. This payment shall be made by **MARCH 21**.

**IT IS SO ORDERED.**

Dated: March 6, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE