1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

10   RAYMAT MATERIALS, INC., a                     No. C 13-00567 WHA
     California corporation,

11              Plaintiff,

12      v.

13   A&C CATALYSTS, INC., a New Jersey            **ORDER GRANTING ATTORNEY'S**
     corporation,                                 **FEES FOR OPPOSING CIVIL**

14                                                **CONTEMPT MOTION**

15              Defendant and Third-Party
                Plaintiff,

16      v.

17   PROTAMEEN CHEMICALS, INC., a
     New Jersey corporation,

18
                Third-Party Defendant.

19   _____/

20
21           A&C Catalysts, Inc. is hereby **AWARDED $2,350** in attorney's fees from LiLaw Inc.

22   No fees are awarded to counsel for Raymat Materials, Inc.

23           On March 15, A&C Catalysts deposed Jibing Lin of Raymat.  During the deposition, Mr.

24   Lin identified Raymat's lysine contractor in Yantai, China.  The transcript was marked

25   "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY."

26           On March 28 (the fact-discovery deadline), A&C Catalysts served an untimely second set

27   of requests for production.  The requests identified the Yantai contractor but were not marked

28   confidential.

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

On April 9 at 4:55 p.m., A&C Catalysts served "a new version of the [requests for production] with the [attorney's-eyes-only]" designation and a letter which stated (Li Decl. Exh. G) (emphasis in original):

> At our meet-and-confer call this past Monday, you expressed concern that the above-referenced discovery request document may have been shared with my client. **As I assured you then, and again in a follow-up email on Monday, and now again in this letter, it has not been**; it was prepared by me and sent to you, and was not reviewed by or sent to my client. Your demand is entirely inappropriate; I am aware of no statute, rule, or court order that would require an attorney to draft (and bill his client for) a declaration that is to be sent to opposing counsel, solely on the basis that opposing counsel does not "believe" what the attorney has represented.
>
> *          *          *
>
> If you intend to file any sort of motion regarding your desire for a declaration, please send a draft of the motion ahead of filing and provide me with a reasonable period (such as 48 hours) to evaluate your points and authorities in support (since you have provided none whatsoever to date), and to consider whether to take any action to avoid burdening the Court with unnecessary motion practice.

Raymat's counsel responded: "because of your refusal to provide the declaration, we have no choice but to proceed with the contempt motion."

On Friday, April 11 at 5:10 p.m., counsel for Raymat, LiLaw Inc., filed a motion to hold A&C Catalysts and counsel in civil contempt, noticed for May 22 (Dkt. No. 75). Central to the motion was A&C Catalysts' second set of requests for production which referred to the identity of the Yantai contractor. In the motion, Raymat outright conceded that "the identity of the Yantai Contractor is irrelevant to this case." Nevertheless, Raymat's counsel argued that there "is a high *likelihood* that the [attorney's-eyes-only] information has been shared with [A&C Catalysts]" (Br. 3) (emphasis added). Raymat thus demanded a finding of civil contempt and that opposing counsel provide declarations stating the identity of the Yantai contractor had not been shared with their client and that the relevant discovery requests were destroyed. Such sweeping relief is not warranted. Indeed, this motion should never have been brought.

*          *          *

1    No proof of the alleged leak of the identity of the Yantai contractor was provided in

2    Raymat's motion or A&C Catalysts' opposition.  Instead, Raymat's motion argued that

3    "it is reasonable to assume" that the information was leaked and counsel's refusal to provide

4    declarations was "telling."  Based on these naked speculations, Raymat asked for a civil

5    contempt order, fees, and costs (Br. 9).  Raymat's proposed order granted fees and costs,

6    the amount to be determined after a meet-and-confer and a three-page letter (Dkt. No. 75-3).

7    Raymat did not argue that further motion practice was needed for *their* fees.

8    On April 25, A&C Catalysts filed an opposition.  Appended to the opposition were three

9    attorney declarations supporting the assertion that the identity of the Yantai contractor had not

10   been shared with their client.  A&C Catalysts also argued that they had taken reasonable steps to

11   prevent any unauthorized disclosure of the Yantai contractor, including deleting all e-mails

12   containing the un-marked discovery requests (Willey Decl. ¶¶ 4–6, Chang Decl. ¶¶ 3–5,

13   Dersham Decl. ¶¶ ).  A&C Catalysts then requested fees for opposing the motion (Opp. 8).

14   On April 30, Raymat withdrew its motion.  Counsel stated "all three lawyers of

15   [A&C Catalysts] filed declarations to state that they had not disseminated the [attorney's-eyes-

16   only] information with their clients" (Dkt. No. 101).  Raymat made no response to A&C

17   Catalysts' request for fees.

18   On May 2, counsel for A&C Catalysts filed declarations in support of their request for

19   $2,350 in attorney's fees.  Their hourly rate is $250 per hour.  They spent 9.4 hours drafting their

20   opposition and supporting declarations, meeting-and-conferring with Raymat's counsel, and

21   reviewing opposing counsel's e-mail (Willey Decl. Exh. A).  The same day, Raymat filed a letter

22   response, but did not address the amount of fees requested by A&C Catalysts.  Instead, Raymat

23   argued that attorney's fees warrant full motion practice.  A May 2 order disagreed.  Full motion

24   practice would only drive up fees.

25   On May 6, Raymat filed an opposition brief (and appended 57 pages of declarations and

26   exhibits).  *Raymat did not object to the amount of fees sought by A&C Catalysts.*

27   *Raymat also did not attack any of the line items requested by A&C Catalysts' fee petition*.

28   Instead, Raymat argued that "the Court [should] re-instate its Contempt Motion and award

United States District Court

For the Northern District of California

1    Raymat fees for the Motion in the amount of $8,143.2" (Opp. 16).  This is more than three times

2    the amount sought by A&C Catalysts, and it is an amount Raymat seeks for filing its own motion

3    which it voluntarily withdrew.  Raymat argued that A&C Catalysts violated the protective order

4    by "plac[ing] the name of the Yantai Contractor in a common pleading without any

5    confidentiality designation" and not maintaining the identity "in a secure manner" (Opp. 1).

6    Because of these "violations," "[a]nything *could* have happened . . . any of the three

7    [A&C Catalysts] lawyers who attend Dr. Lin's deposition *could have leaked* the identity of the

8    Yantai Contractor to [A&C Catalysts] . . . . anybody at [A&C Catalysts'] two law firms (e.g.,

9    secretary, paralegal) *could provide the discovery requests* to [A&C Catalysts]," and counsel's

10   refusal to provide declarations "gave the impression that he was trying to buy time to make an

11   arrangement for some hidden issues" (Opp. 14–15) (emphasis added).  These are

12   mere speculations.  Raymat has no proof.

13         This order finds that Raymat's motion to hold A&C Catalysts and counsel in civil

14   contempt was not substantially justified.  After counsel for A&C Catalysts assured Raymat no

15   less than three times that no disclosure had occurred, Raymat filed a motion based on a mere

16   "suspicion" without proof.  This was a frivolous motion and reasonable attorney's fees are

17   justified.  This is not the first time counsel for Raymat has taken an unreasonable position

18   (Dkt. Nos. 55, 91).  It was not a cure-all to "withdraw" the motion after A&C Catalysts had spent

19   time and effort opposing the motion.  Raymat made no specific objections to the amount of fees

20   requested and this order finds that $2,350 is a reasonable sum for the work done.

21         Accordingly, counsel for Raymat Materials, Inc., LiLaw Inc., shall **REMIT $2,350** in

22   attorney's fees to defendant A&C Catalysts, Inc.  The request to "re-instate" the frivolous

23   contempt motion — which counsel voluntarily withdrew — is **DENIED**.  LiLaw Inc.'s request for

24   $8,143.20 in attorney's fees is **DENIED**.

25

26         **IT IS SO ORDERED.**

27   Dated:   May 8, 2014.

                                              WILLIAM ALSUP
28                                            UNITED STATES DISTRICT JUDGE