United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMAT MATERIALS, INC., a
California corporation,

    Plaintiff,

  v.

A&C CATALYSTS, INC., a New Jersey
corporation,

    Defendant and Third-Party
    Plaintiff,

  v.

PROTAMEEN CHEMICALS, INC., a
New Jersey corporation,

    Third-Party Defendant.

                                              /

No. C 13-00567 WHA

**ORDER GRANTING TWO MOTIONS FOR SUMMARY JUDGMENT RE DISCLOSURE AGREEMENTS AND DENYING ALL OTHERS**

In this commercial dispute over an exclusive-dealing arrangement, all summary judgment motions are denied due to manifold factual issues, except the following.

**1. CONFIDENTIAL DISCLOSURE AGREEMENT.**

Raymat moves for summary judgment of A&C's claim for breach of the confidential disclosure agreement ("CDA") that the parties signed on November 1, 2009. For the following reasons, Raymat's motion is granted.

The agreement stated:

> Raymat and A&C intend to engage in communications/activities for the manufacture and *sale of epoxy and plastic materials and toll binding*.

> In the course of these communications and
> activities, it may be necessary or desirable for
> Raymat and A&C to disclose and deliver to each
> other Confidential Information . . .

(Li Exh. 1 at 16) (emphasis added).

*First*, the plain language of the CDA did not cover lysine or cosmetic products. Instead, the CDA covered the "sale of epoxy and plastic materials and toll binding." The record demonstrates that in addition to their negotiations over lysine, the parties had also contemplated a separate collaboration involving industrial epoxy (Lin Decl. ¶ 4). In light of these separate negotiations and the plain meaning of the agreement, no reasonable trier of fact could find that the parties intended the CDA to apply to lysine.

A&C has not presented a credible argument or evidence that the CDA was intended to cover lysine. A&C's theory hinges on one sentence in its CEO Goldstein's declaration in which he asserts that, "'epoxy and plastic materials' refers to [lysine], which is a material that may be used in plastics manufacturing" (Goldstein Decl. ¶ 9 ). This bare-bones assertion, however, is contradicted by nearly the entire record, in which, lysine's use in plastics is never mentioned. Instead, it is clear that the parties intended lysine to be used for cosmetics (Li Exh. 3 at 62–63). This fact alone makes the CDA inapplicable to the current action.

*Second*, A&C has not presented a single concrete example of confidential information that was allegedly disclosed by Raymat. Instead, it points to the declaration and deposition of Goldstein, which makes vague reference to a "package of confidential information" and a former customer that ended up working directly with Raymat (Goldstein Dep. 41). A&C has not presented any evidence that would allow a finder of fact to rule it its favor. Accordingly, Raymat's motion as to the CDA breach of contract claim is **GRANTED**.

### 2. CONFIDENTIALITY CLAUSE SECTION 8.5.

Raymat also moves for summary judgment on A&C's counterclaim that it violated the "confidentiality clause" of the exclusive supply agreement by disclosing confidential information to third parties.

Section 8.5 of the exclusive supply agreement stated:

> Each party acknowledges that in the course of performance of this Agreement, it may obtain certain information specifically *marked as confidential and/or proprietary*. Each party hereby agrees that all such information communicated to it by the other party. . . in strict confidence . . . shall be used only for purposes of the Agreement, and shall not be disclosed without the prior written consent of the other party . . .

(Li Exh. 3 at 51) (emphasis added).

Raymat's motion on this claim is not discussed in A&C's opposition. The opposition refers solely to confidential information under the CDA.

Furthermore, as with the claim for breach of contract under the CDA, A&C has not presented any concrete examples, let alone examples marked as "confidential and/or propriety," as required by Section 8.5. According, the summary judgment motion is **GRANTED**.

### 3. EVIDENTIARY OBJECTIONS.

In conjunction with filing its reply to this motion, Raymat also filed a list of evidentiary objections (Dkt. No. 97-2). This filing was made without regard to Local Rule 7-3(c), which states, "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." As this order does not rely upon the evidence in question, the motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: May 9, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3